IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JERRY CARROLL | ) |
| | ) |
| v. | ) NO. 3-14-2340 |
| | ) JUDGE CAMPBELL |
| BELLSOUTH | ) |
| TELECOMMUNICATIONS, INC. | ) |

MEMORANDUM

Pending before the Court is Defendant's Motion for Summary Judgment (Docket No. 30). For the reasons stated herein, Defendant's Motion is GRANTED, and this action is DISMISSED.

FACTS

Plaintiff was employed by Defendant as a Services Technician. A Services Technician position involves maintaining and repairing AT&T services to residential and business customers by responding to service requests, traveling to homes or businesses where customers have reported issues, and addressing those issues with cables from the distribution terminal up to the customer premises.

Plaintiff's job performance was rated as "less than satisfactory" in 2003, 2004, 2005, 2006, 2007, and 2008. Beginning in 2010, Plaintiff's immediate supervisor was Rodney Scott, who rated Plaintiff's job performance as "does not meet expectations" for the calendar year 2010. Plaintiff was put on a performance improvement plan, which provided detailed action steps by which Plaintiff could improve his performance. Plaintiff was given all the training that was available to him as a Services Technician.

On September 30, 2011, Defendant gave Plaintiff a "counseling" for performance because he was in the lowest 20% of performers and advised Plaintiff that he would need to improve his performance and sustain improved performance in order to have the counseling removed. Defendant gave Plaintiff a warning on January 5, 2012, for remaining in the lowest percentile for two months in a row.[1] Because he did not improve, Plaintiff was given a letter in lieu of suspension on May 18, 2012. He remained in the lowest percentile through July of 2012.

After speaking with Mr. Scott, reviewing the formal disciplinary process paperwork, and talking with his own supervisor, Charles Barrett (Plaintiff's Area Manager) decided to end Plaintiff's employment on August 29, 2012, for continued unsatisfactory performance.

Plaintiff's Complaint alleges that Defendant terminated his employment because of his age, in violation of the Age Discrimination in Employment Act ("ADEA") and retaliated against him by refusing to rehire him.[2]

## SUMMARY JUDGMENT

Summary judgment is appropriate where there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Pennington v. State Farm Mut. Automobile Ins. Co.*, 553 F.3d 447, 450 (6th Cir. 2009). The party bringing the summary judgment motion has the initial burden of informing the Court of the basis for its motion and

---

[1] Plaintiff does not dispute that he received the warning, but he argues that he "remembers" being off work in December of 2011, so Plaintiff says that he would have had no efficiency rating for that month. Plaintiff's own testimony is the only evidence offered, however, with regard to his being off work for the month of December.

[2] Plaintiff has conceded that any failure to re-hire him was retaliatory because he had filed grievances with the Union, not for any reason having to do with age. Therefore, Plaintiff's retaliation claim is DISMISSED.

2

identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003). The moving party may satisfy this burden by presenting affirmative evidence that negates an element of the non-moving party's claim or by demonstrating an absence of evidence to support the nonmoving party's case. *Id*.

In deciding a motion for summary judgment, the Court must review all the evidence, facts and inferences in the light most favorable to the nonmoving party. *Van Gorder v. Grand Trunk Western Railroad, Inc.*, 509 F.3d 265, 268 (6th Cir. 2007). The Court does not, however, weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986). The Court determines whether sufficient evidence has been presented to make the issue of fact a proper jury question. *Id.* The mere existence of a scintilla of evidence in support of the nonmoving party's position will be insufficient to survive summary judgment; rather, there must be evidence on which the jury could reasonably find for the nonmoving party. *Rodgers*, 344 F.3d at 595.

## ADEA

In order to establish a claim for age discrimination, Plaintiff must prove that age was the "but-for" cause of Defendant's decision to fire him. *Gross v. FBL Financial Services, Inc.*, 129 S.Ct. 2343, 2350 (2009). For a *prima facie* case, Plaintiff must show (1) membership in a protected group; (2) qualification for the position he held; (3) an adverse employment action; and (4) circumstances that support an inference of discrimination. *Blizzard v. Marion Technical College*, 698 F.3d 275, 283 (6th Cir. 2012).[3]

---

[3] Courts have described the fourth element of an ADEA claim in different, related ways, including that the employee was replaced by a significantly younger person, *Grosjean v. First Energy Corp.*, 349 F.3d 332, 335 (6th Cir. 2003), or that a similarly situated, younger

3

If Plaintiff is able to establish a *prima facie* case of age discrimination, the burden shifts to the Defendant to articulate a legitimate, nondiscriminatory reason for any adverse employment action. *Rowan v. Lockheed Martin Energy Systems, Inc.*, 360 F.3d 544, 547 (6th Cir. 2004). If Defendant articulates a legitimate, nondiscriminatory reason for its action, Plaintiff must show that reason to be pretextual. Plaintiff may demonstrate pretext by showing that the proffered reason (1) has no basis in fact, (2) did not actually motivate Defendant's challenged conduct, or (3) was insufficient to warrant the challenged conduct. *Best v. Blount Memorial Hosp.*, 195 F.Supp. 2d 1034, 1042 (E.D. Tenn. 2001).

It is undisputed that Plaintiff is in the protected, over-the-age-of-40, group. It is also undisputed that firing is an adverse employment action. Defendant argues that Plaintiff was not "qualified" for the position of Service Technician because of his low performance. The Court must not, however, conflate the Defendant's legitimate, nondiscriminatory reason for its actions into the analysis of whether Plaintiff was qualified for the position at issue. *Provenzano v. LCI Holdings, Inc.*, 663 F.3d 806, 813 (6th Cir. 2011). For purposes of this Motion and the *prima facie* case only, the Court will assume that Plaintiff has offered sufficient proof that he was qualified for the position.

With regard to the fourth element, Defendant argues that there is no proof in the record that Plaintiff was treated less favorably than similarly-situated younger employees. All of the facts asserted by Plaintiff concerning this issue come solely from his own testimony. For example, Plaintiff, citing only his own testimony and belief, states that everyone on his work crew was younger than he (except one person) and that everyone on his work crew was treated better than he.

---

employee was treated more favorably. *Clayton v. Meijer, Inc.*, 281 F.3d 605, 609 (6th Cir. 2002).

4

Plaintiff, again citing only his own testimony, also contends that a Union steward told Plaintiff that he was replaced by a younger male.

Hearsay evidence is insufficient to defeat a motion for summary judgment. *Petroleum Enhancer, LLC v. Woodward*, 690 F.3d 757, 772 (6th Cir. 2012). In addition, rumors, conclusory allegations and subjective beliefs are insufficient evidence to establish a claim of discrimination as a matter of law. *Treadwell v. American Airlines*, 716 F.Supp.2d 721, 728 (W.D. Tenn. 2010). Without more, Plaintiff's testimony alone is insufficient to show that he was treated differently from younger employees.

Moreover, the employees with which Plaintiff purports to compare himself must be similarly-situated; that is, they must have dealt with the same supervisor, been subject to the same standards, and engaged in the same or similar conduct, without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it. *Jackson v. FedEx Corporate Services, Inc.*, 518 F.3d 388, 393 (6th Cir. 2008) (citing *Mitchell v. Toledo Hospital*, 964 F.2d 577, 583 (6th Cir. 1992)). These factors should not be rigidly applied. *Jackson*, 518 F.3d at 394. The appropriate test is to look at those factors relevant to the factual context, as opposed to a requirement that a plaintiff demonstrate similarity in all respects. *Id*.

Plaintiff has not identified any other employee, particularly a younger employee, who had similar performance problems, was put on a performance improvement plan, received a counseling, warning and letter in lieu of suspension, continued to remain in the lowest percentile on performance (or even one of these circumstances) and, yet, was allowed to continue his or her employment with Defendant. Plaintiff has not identified any younger Service Technician who, under similar

5

circumstances to Plaintiff, received progressive discipline but was allowed to remain with the company.

Plaintiff has also failed to present sufficient, admissible evidence to show that he was replaced by a younger individual. Plaintiff has not identified who that person was and cites only hearsay evidence, which is inadmissible. The Court finds that Plaintiff has failed to show the fourth element of his *prima facie* case.

Even if Plaintiff had established a *prima facie* case, however, the Court finds that terminating Plaintiff's employment pursuant to the administration of progressive discipline for poor job performance is a legitimate, nondiscriminatory reason for his firing. Although Plaintiff disputes underlying facts concerning his performance, Plaintiff does not dispute that his job performance was rated as "less than satisfactory" in 2003, 2004, 2005, 2006, 2007, and 2008, or that, beginning in 2010, Plaintiff's immediate supervisor was Rodney Scott, who rated Plaintiff's job performance as "does not meet expectations" for the calendar year 2010. Plaintiff does not dispute that he was put on a performance improvement plan, which provided detailed action steps by which Plaintiff could improve his performance.

Plaintiff does not dispute that on September 30, 2011, he was given a counseling for performance because he was in the lowest 20% of performers and was advised that he would need to improve his performance and sustain improved performance in order to have the counseling removed, or that Defendant gave him a warning on January 5, 2012, for remaining in the lowest percentile for two months in a row. Plaintiff does not dispute that Defendant gave him a letter in lieu of suspension on May 18, 2012, and that he remained in the lowest percentile through July of 2012.

The burden thus shifts to Plaintiff to show that Defendant's reason was pretext for age discrimination. Pretext is a commonsense inquiry: did the employer fire the employee for the stated reason or not? *Jones v. Shinseki*, 804 F.Supp.2d 665, 673 (M.D. Tenn. 2011). As stated above, Plaintiff must show that age was the "but-for" reason for Defendant's decision to fire him.

A plaintiff cannot establish pretext so long as the employer made a reasonably informed and considered decision before taking the adverse employment action. *Jones*, 804 F.Supp.2d at 673; *Sybrandt v. Home Depot, U.S.A., Inc.* 560 F.3d 553, 559 (6th Cir. 2009). The Sixth Circuit has held that so long as the employer honestly believed in the proffered reason for its employment action, the employee cannot establish pretext even if that reason is ultimately found to be mistaken, foolish, trivial or baseless; but the employer must be able to establish its reasonable reliance on the particularized facts that were before it at the time the decision was made in order to avoid a finding of pretext. *Smith v. Chrysler Corp.*, 155 F.3d 799, 806 (6th Cir. 1998).

Given the admitted process of discipline for Plaintiff's poor performance and the history of poor performance, the Court finds that Defendant's decision to fire Plaintiff was reasonably informed and considered and honestly held. Plaintiff has not shown that reason to be pretext for age discrimination. Defendant's reason for its decision has a basis in fact, has been shown to have motivated the action, and was sufficient to warrant the firing.

Finally, there is no proof that age was the "but-for" reason for Defendant's action. Plaintiff has admitted that no one at BellSouth ever made any comments about his age, and he has failed to show that age was even a factor in the decision to fire him.

## CONCLUSION

For these reasons, Defendant's Motion for Summary Judgment (Docket No. 30) is GRANTED, and this action is DISMISSED.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE